# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| EUGENE FRENCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV410-141 |
| ) | |
| ALAN CARTER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Convicted in state court of aggravated child molestation, *French v. State*, 288 Ga. App. 775 (2007), Eugene French petitions this Court for 28 U.S.C. § 2254 habeas relief. Doc. 1. The state moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A)'s one year limitations period. Doc. 8. For French the limitations period ran from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009). Normally, a state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773

(11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 129 S. Ct. at 685. But French directly appealed his conviction no further than the Georgia Court of Appeals. Under Georgia Supreme Court Rule 38(1),[1] then, he had 10 days after the Appeals Court's December 7, 2007 judgment[2] to seek a writ of certiorari with the Georgia Supreme Court. *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (10 days if no further review is sought); *Haggins v. Jackson*, 2010 WL 1956546, at * 1 (S.D. Ga. Apr. 15, 2010); *see also* O.C.G.A. § 1-3-1(d)(3) (governing filing times in Georgia courts).

French's judgment of conviction thus became final on Monday, December 17, 2007 -- eleven days after the appeals court denied his reconsideration motion.[3] He could then stop the clock by filing a state

---

[1]   Georgia Supreme Court Rule 38(1) provides:

Compliance with the requirements of this rule governing petitions for certiorari is mandatory. Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed. A copy of the notice of intent is not to be filed in the Supreme Court.

Ga. S. Ct. R. 38(1).

[2]   The Georgia Court of Appeals affirmed French's conviction on November 6, 2007, 288 Ga. App. at 775, *reconsideration denied* December 6, 2007. *Id*. at 778.

[3]   The tenth day fell on a Sunday, so O.C.G.A. § 1-3-1(d)(3) directs state courts to move the "tenth" day to the next business day, in this case Monday, December 17, 2010. *See Hall v. Oubre*, 2010 WL 5652769 at * 2 (S.D. Ga. Dec. 30, 2010), *adopted*,

habeas petition. *Wade v. Battle*, 379 F.3d 1254, 1259-60 (11th Cir. 2004).[4] But he didn't do so until Monday, December 22, 2008 -- 371 days later. Doc. 9-2 at 1. He did write "November 25, 2008" next to his signature on that petition, doc. 9-2 at 7; *see also* doc. 9-2 at 7 (accompanying IFP motion dated "24 Nov 08"), but Georgia does not follow the federal "mailbox rule," so the date the state habeas court received his state habeas petition (December 22, 2008), controls. *Hall*, 2010 WL 5652769 at * 3 (applying *Roberts v. Cooper*, 286 Ga. 657, 658-59 (2010) (mailbox rule did not apply to initial *pro se* petition for habeas relief, and thus, habeas petition that was received and filed one day late was subject to dismissal regardless of when defendant submitted his filings to prison authorities); *see also Wade*, 379 F.3d at 1259 n. 2 (warning of this result).

Applying the federal mailbox rule to French's § 2254 petition, the Court determines that he filed it on May 19, 2010 -- two days after the date the Georgia Supreme Court denied his attempt to appeal his denied

---

2011 WL 291170 (S.D. Ga. Jan. 25, 2011).

[4] "AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), provides: The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' 28 U.S.C. § 2244(d)(2) (emphasis added)." *Wade*, 379 F.3d at 1259.

state habeas petition. See doc. 9-4 at 1 ("Atlanta, May 17, 2010"); doc. 1 (his § 2254 petition signature page missing from this Court's record[5]); doc. 2 at 2 (simultaneously filed IFP motion, signature page date "May 19, 2010"). Those two days enlarge the 371-day gap to 373.

Because of that 373-day gap (he had 365), French's § 2254 petition was untimely the day he filed it, and there is nothing he can do now. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). His briefs (docs. 15 & 16) simply ignore the issue, and his futile if not frivolous motions (docs. 5, 11 & 12) are **DENIED**, as is his motion for appointment of counsel.[6] Doc. 6.

Accordingly, respondent's motion to dismiss, doc. 8, should be **GRANTED** and Eugene French's petition, doc. 1, should be **DISMISSED WITH PREJUDICE.** The Court notes, however, that in the state habeas court French filed, *possibly* simultaneously with his state

---

[5] This Court's Clerk's office confirms that it never received that page from French.

[6] The Rules Governing § 2254 Cases provide that appointment of counsel is proper if an evidentiary hearing is needed, if certain discovery is required, or "if the interest of justice so requires," provided that petitioner qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). Neither an evidentiary hearing nor discovery are required here, and French has demonstrated his ability to file appropriate pleadings seeking § 2254 relief.

habeas petition, an IFP motion that was marked by that court's clerk "RECEIVED DEC 01 2008." Yet, on the same page, the IFP motion is marked "FILED IN OFFICE DEC 22, 2008." This Court has based its ruling above on the latter date, which is the date the State says his *petition* was filed. But if in fact French submitted his state habeas petition for filing at the same time he filed his IFP motion, then if his state habeas petition is deemed filed on December 1, 2008, his § 2254 petition here would be timely.

French seems to accept the State's contention that his state habeas petition was not filed until December 22, 2008, for he does not challenge that date or make any reference to the "DEC 01 2008" date stamp on his IFP motion. So, the date discrepancy issue is waived. *See Davis-O'Brien v. Astrue*, 2011 WL 521182 at * 2 (11th Cir. Feb. 16, 2011) (claims not raised in district court are waived on appeal).

Assuming that the filing date issue is waived, under the COA standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of

appeal). It follows that French's appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u>17th</u> day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA