UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EUGENE FRENCH,

Petitioner,

v.                    4:10-cv-141

ALAN CARTER,

Respondent.

## ORDER

### I. INTRODUCTION

Petitioner Eugene French ("French") petitions this Court for habeas relief under 28 U.S.C. § 2254. *See* Doc. 1. The state moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A)'s one year limitations period. *See* Doc. 8. The Magistrate Judge recommended that this Court grant the motion to dismiss. *See* Doc. 17 (Report and Recommendation ("R&R")). French has filed objections to the R&R. *See* Doc. 26.

French appealed his conviction for aggravated child molestation in July 2006. *See* Doc. 9-6 at 147-48. The court affirmed his conviction on November 6, 2007, and denied French's motion for reconsideration on December 6, 2007. *See* Doc. 9-1 at 4. The Magistrate Judge determined that French's conviction became final eleven days later, on December 17, 2007, when French's time to appeal to the Georgia Supreme Court elapsed. *See* Doc. 17 at 2.

The Magistrate Judge determined that French did not file his state habeas action until December 22, 2008—missing the one year deadline by five days. *See id.* at 3. The Magistrate Judge did note, however, that there was a discrepancy in the filing date of French's state habeas petition. *See id.* at 4-5. But because French did not challenge the December 22, 2008 filing date, the Magistrate Judge considered the issue waived and recommended that this Court dismiss the case. *See id.* at 5. Objections were due March 4, 2011. *See* Doc. 19.

This Court adopted the R&R on March 7, 2011 when no objections were filed. *See* Doc. 20. Later that day, the Court received a motion for extension of time to file objections. *See* Doc. 22. The Court granted French an extension, vacated its Order adopting the R&R, and reopened the case. *See* Doc. 23.

French has now filed objections and asserts that he filed his petition on December 1, 2008. *See* Doc. 26 at 3.

### II. ANALYSIS

Under Georgia law, "[a]n action is initiated 'by filing a complaint *with the court*.'" *Roberts v. Cooper*, 286 Ga. 657, 661 (2010) (quoting O.C.G.A. § 9-11-3(a)). Georgia courts do not consider prisoner pleadings filed the moment they are delivered to prison authorities. *See id.*; *see also Taylor v. Williams*, 528 F.3d 847, 850 (11th Cir. 2008) (deferring to Georgia law to determine when a state habeas action was filed; but incorrectly predicting that the Georgia Supreme Court would apply the prisoner mailbox rule). Instead "[t]he actual date of filing is the date upon which the paper is handed to the clerk to be filed." *Lavan v. Philips*, 184 Ga. App. 573, 574 (1987).

French signed his state habeas petition on November 25, 2008. *See* Doc. 9-2 at 5. Notary Public Casey La Don Willis ("Willis") also signed on that day. *See id.* The Wilcox County Clerk's Office dated the petition as "filed in office" December 22, 2008. *See id.* at 1. There was no separate stamp for when the office received the petition. *See id.*

French also submitted a request to proceed in forma pauperis ("IFP"). *See id.* at 6. French signed this application on November 24, 2008 and Willis notarized it on November 25, 2008. *See id.* at 7. The Wilcox County Clerk's Office dated this application as "filed in office" December 22, 2008. *See id.* at 1. But it included a second stamp showing that French's application was "received" December 1, 2008. *See id.*

The Court finds that French filed his habeas application with his IFP application and that both were "received" by the Wilcox County Clerk's office on December 1, 2008, but not stamped "filed" for three more weeks.

> The clerk's endorsement as to the date of filing is the best evidence of the filing of such paper, and is presumed correct as long as it is not challenged. However, the clerk's endorsement is not a necessary prerequisite to filing, but only evidence of delivery of the paper intended to be filed to the clerk. So, where a [pleading] has been delivered for filing to the clerk, it will be deemed filed even though that officer fails to make the proper entry of filing thereon.

*Lavan*, 184 Ga. App. at 574 (citation omitted).

French filed his state petition on December 1, 2008. The Magistrate Judge found that French added two days to his one year clock between the Georgia Supreme Court's denial of his attempt to appeal his denied state habeas petition and his filing of his federal habeas petition on May 19, 2010. *See* Doc. 17 at 3-4.

Even with this delay, French timely filed his 28 U.S.C. § 2254 petition with two weeks to spare.

### III. CONCLUSION

The Court **REJECTS** the Magistrate Judge's R&R, *see* Doc. 17, due to French's new challenge to the clerk's filing date. The state's motion to dismiss, *see* Doc. 8, is **DENIED**. The case is referred to the Magistrate Judge for further consideration of French's petition for habeas corpus.

This 22nd day of March 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA