UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EUGENE FRENCH,

Petitioner,

v.                    4:10-cv-141

ALAN CARTER,

Respondent.

## ORDER

Petitioner Eugene French ("French") petitioned this Court for habeas relief under 28 U.S.C. § 2254. *See* Doc. 1. The state moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A)'s one year limitations period. *See* Doc. 8. The Magistrate Judge recommended that this Court grant the motion to dismiss because it found that French had not filed his state habeas action until December 22, 2008— missing the one year deadline by five days. *See* Doc. 17 (Report and Recommendation ("R&R")). That was the date on which the state habeas court clerk stamped his habeas petition "Filed in Office." *See* Doc. 9-2 at 1. French filed objections to the R&R. *See* Doc. 26.

The Court rejected the R&R and denied Respondent's motion to dismiss because other evidence suggested that French's state habeas petition was timely filed. *See* Doc. 31 at 2. French filed a request to proceed in forma pauperis along with his state habeas petition. *See id.* at 6. The state habeas court clerk also stamped this application as "Filed in Office Dec 22 2008." *See id.* at 6. But the application included a second stamp showing that French's application was "Received Dec 01 2008." *See id.*

The Court found that the state habeas court clerk's office received both of French's filings on December 1, 2008— within the one year limit. *See* Doc. 31.

Respondent has filed a "Motion for Reconsideration of Order Denying Respondent's Motion to Dismiss Petition as Untimely." *See* Doc. 33. Respondent asserts that his office, and not the clerk's office, stamped "Received Dec 01 2008" onto French's IFP application to note when it received the document from French to mail to the Court. *See id.* at 2. Respondent argues that French's case must be dismissed because his state habeas petition did not reach the clerk's office until after the one year period expired. *See id.*

In other words, Respondent argues that French's case must be dismissed because *Respondent* sat on French's habeas petition for the final seventeen (17) days of French's one year period before forwarding it to the court. *See* Doc. 33 at 2-3. This conflict of interest is one reason the federal government's prisoner mailbox rule makes the date on which a prisoner delivers his filing to prison authorities for mailing the operative filing date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

Unfortunately for French, the federal prisoner mailbox rule does not affect the filing date of his state habeas case. *See Taylor v. Williams*, 528 F.3d 847, 850 (11th Cir. 2008) (deferring to Georgia law); *Roberts v. Cooper*, 286 Ga. 657, 661 (2010). Instead, Georgia law considers his action

filed on "the date upon which the paper [was] handed to the clerk to be filed." *Lavan v. Philips*, 184 Ga. App. 573, 574 (1987).

But the Court found that this occurred on December 1, 2008, because someone stamped French's contemporaneously filed IFP application "received" on that date and there was no evidence in the record pointing to anyone other than the state habeas court clerk's office. *See* Doc. 31. One month later, Respondent asserts that it was he who stamped French's application. *See* Doc. 33. But Respondent did not attach an affidavit or personally sign his motion. Respondent's motion would require the Court to give dispositive weight to a factual representation made by Respondent's attorneys one month after the Court ruled on this matter. The Court will not overturn its ruling on such a showing.

Respondent's "Motion for Reconsideration of Order Denying Respondent's Motion to Dismiss Petition as Untimely," *see* Doc. 33, is **DENIED**. This Order **MOOTS** Respondent's "Motion to Stay Briefing Schedule," *see* Doc. 34.

Respondent was ordered to respond to French's habeas petition by April 21, 2011. *See* Doc. 32. On that date, Respondent instead filed its "Motion to Stay Briefing Schedule." *See* Doc. 34. Respondent's brief is now late, but the Court will allow Respondent one (1) day from the date of this Order to respond to French's habeas petition.

This 25th day of April 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA