# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

EUGENE FRENCH, )
)
    Petitioner, )
)
v. ) Case No. CV410-141
)
ALAN CARTER, )
)
    Respondent. )

## ORDER

Convicted in state court of aggravated child molestation, *French v. State*, 288 Ga. App. 775 (2007), Eugene French petitioned this Court for 28 U.S.C. § 2254 habeas relief. Doc. 1. The state moved to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1)(A)'s one year limitations period. Doc. 8. In its Report and Recommendation (R&R), the undersigned advised the district judge to grant that motion because French had not filed his state habeas petition until December 22, 2008 -- five days beyond 28 U.S.C. § 2244(d)(1)(A)'s deadline. Doc. 17, *reported at* 2011 WL 675129. The R&R noted, however,

> that in the state habeas court French filed, possibly simultaneously with his state habeas petition, an IFP motion that was marked by that court's clerk "RECEIVED DEC 01 2008." Yet, on the same

> page, the IFP motion is marked "FILED IN OFFICE DEC 22, 2008."
> This Court has based its ruling above on the latter date, which is the
> date the State says his petition was filed. But if in fact French
> submitted his state habeas petition for filing at the same time he
> filed his IFP motion, then if his state habeas petition is deemed filed
> on December 1, 2008, his § 2254 petition here would be timely.

Doc. 17 at 5. Still,

> French seem[ed] to accept the State's contention that his state
> habeas petition was not filed until December 22, 2008, for he [did]
> not challenge that date or make any reference to the "DEC 01 2008"
> date stamp on his IFP motion. So, [the undersigned concluded,] the
> date discrepancy issue is waived. *See Davis-O'Brien v. Astrue*, 2011
> WL 521182 at * 2 (11th Cir. Feb. 16, 2011) (claims not raised in
> district court are waived on appeal).

*Id.*

At first the district judge agreed and thus accepted the R&R, doc. docs. 27-29, *reported at* 2011 WL 841337, but then vacated that ruling upon French's Fed. R. Civ. P. 72(b) Objection, docs. 26 & 30, then rejected the R&R and denied the dismissal motion. Doc. 31. The judge "found that the state habeas court clerk's office received both of French's filings [his state habeas petition and accompanying *in forma pauperis* motion] on December 1, 2008 -- within the one year limit." Doc. 36 at 1.

The Respondent warden moved for reconsideration. Doc. 33. As described by the district judge, the warden asserted that

> *his* office, and *not* the clerk's office, stamped "Received Dec 01 2008"

onto French's IFP application to note when it received the document from French to mail to the Court.[1] Respondent [thus] argues that French's case must be dismissed because his state habeas petition did not reach the clerk's office until after the one year period expired.

In other words, Respondent argues that French's case must be dismissed because *Respondent* sat on French's habeas petition for the final seventeen (17) days of French's one year period before forwarding it to the court. This conflict of interest is one reason the federal government's prisoner mailbox rule makes the date on which a prisoner delivers his filing to prison authorities for mailing the operative filing date. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988).

Doc. 36 at 1 (footnote added; emphasis original and added).

Nevertheless, the district judge was prepared to rule in the warden's favor. Georgia, the judge explained, does not follow the federal mailbox rule, so French's habeas petition was filed on "'the date upon which the paper [was] handed to the [state habeas court] clerk to be filed.' *Lavan v. Philips*, 184 Ga. App. 573, 574, 362 S.E.2d 138 (1987)." *Id.*; *see also Hall v. Oubre*, 2010 WL 5652769 at * 3 (S.D. Ga. Dec. 30, 2010) ("the 'mailbox

---

[1] The Warden insisted

that the December 1, 2008 stamp, is the stamp of his office indicating that Petitioner's IFP request was received on that date by the institutional employee who certified Petitioner's inmate account information. (Resp. Ex. 2, p. 8). This is also evidenced by the fact that the account information was certified by the institutional official the next day, December 2, 2008; it is impossible that the superior court clerk would have received the IFP request form on December 1, prior to its certification on December 2, by the institutional official.

Doc. 33 at 2.

3

rule' does not apply to the initial filing of state habeas petitions in Georgia."). That supported the structural "conflict of interest" noted by the district judge; the warden himself could run a state habeas petitioner's clock out by taking his time delivering the petitioner's filings to the state habeas court clerk.

Yet, the judge denied the reconsideration motion because the warden failed to "attach an affidavit or personally sign his motion. [The warden's] motion would require the Court to give dispositive weight to a factual representation made by [his] attorneys one month after the Court ruled on this matter. The Court will not overturn its ruling on such a showing." *Id.* at 2. The judge thus directed him to respond to French's petition. *Id.*

The warden has complied. Doc. 37-1. But in the "Procedural History" portion of that response he *continues* to insist "that Petitioner filed a state habeas corpus petition on December 22, 2008, after the one-year federal limitations already had expired. (Resp. Ex. 2.)" *Id.* at 1; *see also id.* at 2 ("Respondent respectfully maintains that the petition was untimely filed.").

It is obvious that the Respondent intends to pursue the untimeliness

issue on appeal. Given his persistence, the Court **DIRECTS** him to file, within 14 days of the date this Order is served, *all* evidence (affidavits, etc.) supporting his assertion that French untimely filed his 2254 petition.[2] French may reply within 14 days thereafter.

Meanwhile, it is unacceptable to acknowledge petitioner's ineffective-assistance of counsel claims (Grounds 6 and 11, *see* doc. 15 at 15-16; *id.* at 21-23) but then argue, simply, "that these grounds lack merit." Doc. 37-1. That does *not* constitute briefing of the issues before this Court. In fact, it smacks of the same sort of "canned brief" style rejected by this Court in *Mikell v. Brian*, CV409-071 doc. 14 at 13 n. 5 (S.D. Ga. Nov. 11, 2010) (after noting the same conclusory rejection of petitioner Mikell's ineffective-assistance claims in both the attorney-authored state habeas court order *and* in counsel's § 2254

---

[2]  Even though "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011), the warden also must show why the doctrine would not apply, given his own admitted delay (to French's direct prejudice) in delivering French's petition to the state habeas court clerk. *See generally* Ann., *Actions or Inactions on Part of Persons Other than Petitioner or Petitioner's Counsel and Factors Other than Limitations of Petitioner, Problems Relating to or Lack of Counsel, or Inadequate Access to Legal Materials, as Grounds for Equitable Tolling of One-Year Limitations Period Established in Antiterrorism and Effective Death Penalty Act for Writ of Habeas Corpus Sought by Person in Custody Pursuant to Judgment of State Court (28 U.S.C.A. § 2244(d)(1))*, 19 A.L.R. Fed. 2d 491 (2007); *id.* § 11 ("Actions or inactions by state—View that equitable tolling available").

opposition brief, the Court concluded: "Hence, respondent has submitted a canned brief that more or less can been re-used in many an IAC-based, § 2254 case before this Court. Such briefing, as well as the attorney-authored Final Order (*see* doc. 5-4 at 47) is largely unhelpful, since a conscientious Court must (for *Strickland* deficiency/prejudice prong purposes) at least partially merits-examine many IAC claims.").

Such slouchiness ends here. Respondent shall *fully* re-brief his opposition to French's petition and explain *why* such claims "lack merit." In fact, the Attorney General is directed to do that for *all* § 2254 cases before this Court.

**SO ORDERED**, this 22nd day of June, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA