UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| EUGENE FRENCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV410-141 |
| ) | |
| ALAN CARTER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Convicted of sexually molesting his daughter ("BF") and one of her friends ("AS"), *French v. State*, 288 Ga. App. 775 (2007), Eugene French petitions this Court for 28 U.S.C. § 2254 habeas relief. Doc. 1.[1] In a prior Order the Court concluded that all but two of his claims must be denied and then directed further briefing. Doc. 59 at 56-71. Those two claims (Grounds 12 & 13) are: (1) that the state violated French's Confrontation Clause rights when it applied a state law evidentiary rule to prevent him from impeaching his daughter; and (2) that his trial and

---

[1] The Court is using the electronic screen page inserted onto the top of each page by the Court's CM/ECF software. It may not always align with the original document's printed pagination.

appellate counsel, Lorenzo C. Merritt, was ineffective in failing to perfect the trial record so that such claim could be heard on direct appeal (because of that omission, the state appellate court refused to hear it). Doc. 59 at 56-71. The Court ordered further briefing. *Id.* at 71. The briefs have arrived, so the case is ready to proceed.

I. **STANDARD OF REVIEW**

In § 2254 cases, state habeas court rulings on fully adjudicated issues must "be given the benefit of the doubt," *Felkner v. Jackson*, ___ U.S. ___, 131 S. Ct. 1305, 1307 (2011) (quotes and cite omitted), which means that this Court cannot disturb them unless they

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[2]; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] "Clearly established" means a Supreme Court holding, not dicta, and a holding that exists at the time of the state court decision that applies the legal principle at issue. *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1399 (2011); *Thaler v. Haynes*, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); *Hunt v. Comm'r, Ala. Dept. of Corrs.*, 666 F.3d 708, 720 (11th Cir. 2012); *Bowles v. Sec'y for Dep't of Corrs.*, 608 F.3d 1313, 1315 (11th Cir. 2010). Lower court opinions, even if directly on point, will not suffice. *Bowles*, 608 F.3d at 1316.

28 U.S.C. § 2254(d) (footnote added). This is a highly deferential, "difficult to meet" standard that petitioners must overcome. *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786 (2011); *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87, quoted in *Hill v. Humphrey*, 662 F.3d 1335, 1345 (11th Cir. 2011) (en banc). And "2254(d) applies even to summary state court opinions, as well as to opinions that do not cite Supreme Court precedent." *Means v. Sec'y, Dep't of Corrs.*, 433 F. App'x 852, 853 (11th Cir. 2011) (citing *Harrington,* 131 S. Ct. at 784). So if part or all of a state court's decision is unaccompanied by any legal analysis or explanation, the petitioner must still show that there was no reasonable basis for the state court to deny relief. *Johnson v. Sec'y, Dep't of Corrs.*, 643 F.3d 907, 930 n. 9 (11th Cir. 2011).[3] This Court also

---

[3] Essentially, petitioners must reverse engineer adverse state court rulings, i.e., come up with all the ways such rulings *could* be legally supported, then knock each one down.

> Under § 2254(d), a [federal] habeas court must determine what arguments or theories supported or, as here, *could have supported*, the state court's decision;

must presume state court factual determinations to be correct; petitioners must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e).

## II. ANALYSIS

The Court explained in its prior order that the state trial judge erred under Georgia law by barring French from presenting evidence showing that BF had falsely accused him of kidnapping at a family get-together some years after the alleged molestation. Doc. 59 at 57-68. Grounds 12 and 13 ultimately turn on whether Merritt's failure to perfect the record at trial with evidence of the false allegation amounted to ineffective assistance of counsel. As respondent failed to brief the issue adequately, the Court ordered him to submit a follow-up brief discussing whether an evidentiary hearing was warranted "to adduce the evidence Merritt failed

---

and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Harrington*, 131 S. Ct. at 786 (emphasis added); *Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. To assess whether a petitioner has made this showing, we determine what arguments or theories *could have* supported the state court's decision and then ask whether fairminded jurists could conclude that those arguments and theories are consistent with the Supreme Court's relevant teachings.") (quotes, footnotes, and alterations omitted).

to proffer, and also [to] show why the state habeas judge's ruling is not "§ 2254(d)-unreasonable."

## A.   Need for a Hearing

In French's latest response, he attached several affidavits from family members who recounted the circumstances of BF's false kidnapping allegation. *See* doc. 70 at 8-11 (affidavits from Vera Yvonne French (mother), LaZundra Patterson (sister), Carmilla French (wife), and Antwon Francois French (son). He was unable to obtain a police report of the incident. But he had not attempted to do so until *2012*, and by then any records had been destroyed. *Id.* at 12 (May 4, 2012 Georgia Open Records Act effort to obtain a "911 CAD Printout"; "no records were found (five (5) year retention").

The affidavits were dated June 26, July 3, and July 6, 2009, doc. 70 at 8-11, and evidently were prepared in anticipation of the state habeas hearing conducted on July 9, 2009. Habeas Tr. at 5. French insists that he

> submitted four affidavits with [his] state habeas brief in support of [his] petition, of persons who were witnesses to the false allegations of kidnapping[,] and [he also says he included them with] his federal brief, and now re-submits them with [his latest] response.

5

Doc. 70 at 1-2. There is some support for his assertion, since at the start of the state habeas hearing he sought to introduce "a few affidavits." Habeas Tr. at 5. He did not then identify them, however, and he never says whether the affidavits he has submitted here are the same affidavits referenced during the state hearing. Assuming that they are the same documents, the respondent successfully objected to their introduction at the state habeas hearing on timeliness and confrontation grounds. *Id.* at 5-8. French had failed to serve them on the state prior to the hearing, and none of the affiants were present at the hearing to be available for cross-examination. *Id.* Moreover, this Court has been unable to locate these affidavits in any prior filings on its docket. In other words, French failed to perfect the record before the state habeas court in much the way that he faults Merritt for failing to perfect it at trial.

During state habeas proceedings, "the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are

met." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Those "stringent requirements," that the claim be based on a new rule of law or on facts undiscovered despite due diligence, are not implicated here. 28 U.S.C. § 2254(e)(2)(A)(i)&(ii). A prisoner might still win a hearing, however, where "the facts underlying the claim [are] sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). While the state trial court erred in this case by excluding some evidence relevant to the question of BF's credibility, it simply is not the sort of "smoking gun" evidence establishing clearly and convincingly that no juror could convict French of molesting his victims. *Cf. United States v. Frederick*, 683 F.3d 913, 915 (8th Cir. 2012) (trial court's limitation on sexual abuse defendant's cross-examination of his victims regarding their prior allegedly false accusations of sexual abuse against bus driver and school teacher did not violate his Confrontation Clause rights; evidence was too attenuated to provide more than minimal probative value, as evidence was inconclusive as to falsity of prior accusations). Since none of the § 2254(e)(2) exceptions apply, French's new evidence, "has no bearing on § 2254(d)(1)

review." *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1400 (2011). In other words, French "must overcome the limitation of § 2254(d)(1) on the record that was before the state court." *Id.* He has not done so.

**B.    Grounds 12 and 13**

Respondent contends that the state habeas judge properly found Ground 12 to be procedurally defaulted. Doc. 64 at 2. Citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (a state prisoner who defaults on his federal claims in state court because of a state procedural rule is barred from federal habeas relief unless the prisoner can show cause and prejudice), the state says this Court should defer to the *French* court, which refused merits review on direct appeal "because Petitioner did not perfect the record with a sufficient proffer of the excluded evidence, [so] he would not be heard to complain on appeal that the trial court erred in granting the state's motion in limine." *Id.* While it is true that "Petitioner did not perfect the record" and thus defaulted the issue, this Court's last Order explained: (a) *Merritt* allegedly authored that failure; (b) French rests his IAC claim against Merritt on *that very basis*; and (c)

IAC can supply cause to overcome such default.[4] The state did not address those points in its initial brief or in its response to the Court's prior order. Doc. 64 at 1-2 (state's response).[5] It is of no moment, however, since Merritt's ineffectiveness on the same issue underscores Ground 13, in which French faults him for failing to round up and perfect the record with the missing evidence.

Respondent nevertheless asks the Court to defer to the state habeas court's ruling that French's IAC claim has no merit. *Id.* at 2-8. For simplicity's sake, the Court will put § 2254(d)(1) deference to the side for now.[6] Instead, it will consider French's IAC claim on the merits to determine whether Merritt rendered deficient performance by failing to perfect the record.

---

[4] "[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim . . . if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000).

[5] French illuminates this point in his "Motion of Malfeasance," doc. 72 at 6 ¶ 4, which is otherwise denied as legally baseless.

[6] A "petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review," so the Court will examine the claims as if no deference applies. *Berghuis v. Thompkins*, ___ U.S. ___, 130 S. Ct. 2250, 2265 (2010); *see also Green v. Sec'y, Fla. Dep't of Corrs.*, 436 F. App'x 918, 920 (11th Cir. 2011) (citing *Berguis* for the proposition that *de novo* review is proper when it was unclear whether deference applies).

Ineffective assistance of counsel claims, even when reviewed *de novo*, are subject to a standard that packs its own internal layer of deference. *Strickland v. Washington*, 466 U.S. 668 (1984). "[A] defendant must show both deficient performance by counsel and prejudice. . . ." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). Thus, French must show that his lawyer's representation fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 688, and courts apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. *Strickland* error must be so serious "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. On the prejudice prong, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

For the purposes of this Report and Recommendation, the Court accepts French's contention that the state trial judge erred under both Georgia and federal law by excluding the false kidnapping evidence at

trial.[7]  Despite this infraction, Merritt did everything he could to undermine BF's credibility at trial.[8]  He called her to task for

---

[7] At its core, French's claim depends upon a finding that the state trial court judge erred by excluding the false allegation evidence at trial.  As the Court explained in its prior order, Merritt cited legal authority permitting him to explore those allegations, but the trial judge misapplied Georgia law by granting the state's motion *in limine* to exclude that evidence.  *See* doc. 59 at 64-66.  That error also violated the Sixth Amendment's Confrontation Clause (made applicable in state proceedings through the Fourteenth Amendment), as BF was a key witness in the case against French and there was no evidence that he molested BF other than her own word.  Evidence of the sort French hoped to present at trial might have undermined her credibility in the eyes of the jury.  Hence, the Court is satisfied that the trial judge's error cannot be excused as merely harmless.  *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (providing a list of factors to consider in evaluating the harmfulness of a Confrontation Clause violation).

[8] In its prior order, the Court gave emphasis to *Secretary, Florida Department of Corrections v. Baker*, 406 F. App'x 416 (11th Cir. 2010), in which a panel of the Eleventh Circuit affirmed a district court's grant of the writ where the trial judge refused to allow defendant to present evidence that the victim had made false sexual abuse allegations prior to accusing her brother-in-law of sexual abuse.  *Id.*; *see* doc. 59 at 59-61.  While *Baker* shares similarities with French's case, the Court notes that this *is not* a case involving past false allegations of *sexual* abuse.  *See Baker*, 406 F. App'x at 424-25; *see also Sussman v. Jenkins*, 636 F.3d 329, 358-59 (7th Cir. 2011) (exclusion of evidence that minor victim of sexual assault had falsely accused his father of sexual abuse would have violated Confrontation Clause, hence counsel's failure to file a pretrial motion to permit introduction of the evidence amounted to ineffective assistance of counsel); *Kittelson v. Dretke*, 426 F.3d 306, 323 (5th Cir. 2005) (same).  The false allegation at issue here is fundamentally different.  Courts have recognized that those who cry wolf about sexual assault often do so in order to garner attention or to manipulate some targeted individual.  In other words, a pattern of false accusations is evidence of a motive *in addition* to evidence of a lack of credibility.  *See Redmond v. Kingston*, 240 F.3d 590, 591-92 (7th Cir. 2001).  Here, however, the concern runs exclusively to credibility.  So even though Georgia law authorized witness impeachment based on non-sex based prior false allegations, *see French*, 828 F. Supp. 2d at 1339 (citing *Spivey v. State*, 197 Ga. App. 11(1990)), federal habeas courts make a distinction relevant here.  *See Abram v. Gerry*, 672 F.3d 45, 52 n. 9 (1st Cir. 2012) (discussing cases relying upon "Supreme Court language suggesting that 'general credibility' evidence may be afforded less protection under the Confrontation Clause than evidence pointing to a specific bias or motive to lie on the part of the

"embellishments" added to her accounts since the case began. Trial Tr. 110. Similarly, he exposed weaknesses in her testimony by calling family members who had a somewhat different recollection of the events she testified about. For instance, counsel asked her whether she had told her grandmother that French's other victim, AS, was lying, and he also asked whether she had told her grandmother that she didn't remember anything other than what her mother told her about the events. *Id.* at 120-122. Merritt later elicited testimony from BF's grandmother contradicting BF's account in both regards. *Id.* at 396-98. He also asked BF whether she had suggested to her aunt, LaZundra Patterson, that her mother was badgering her into making allegations against French; she denied it. *Id.* at 138-39. Patterson later insisted that BF *had* told her that her mother had pressured her about the matter for years and that she agreed when her mother asked her whether French did certain things to her, but insisted that she remembered nothing inappropriate happening. *Id.* at 369-77. Additionally, Merritt questioned BF's brother about their home life. His testimony directly

---

victim."); *see generally* 23 WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 5387 n. 14 (2012).

contradicted BF's assertions that there was pornography in the house and that French encouraged or even allowed his children to drink alcoholic beverages. *Id.* at 304, 310. These attacks apparently met with some success, for the jury acquitted French of all but the molestation counts (Counts 1 & 2) in the six-count indictment. Trial Tr. 483. He was thus able to offer a spirited defense, even without introducing the kidnapping allegation. Nevertheless, he failed to perfect the record to preserve that issue on appeal.

At the state evidentiary hearing, Merritt admitted that evidence of the false allegation was available, but French failed to draw out of him why he never made an evidentiary proffer to perfect the record. Habeas Tr. 26-29, 35-38. It would have cost counsel nothing to perfect the record, but that, standing alone, does not show deficient performance. This is especially so here, where any reasonably competent attorney would have recognized the possibility that exploring the kidnapping allegation could spectacularly backfire. BF reported that she had been kidnapped during a visit with her father in 2002, several years *after* the period during which the molestation occurred (1997-1999). *Id.* at 104 (molestation timetable); doc. 70 at 8-11 (affidavits outlining false

kidnapping allegation). Had Merritt preserved the issue on appeal, secured a retrial, and pursued the matter with BF, he risked the possibility of testimony that she reported herself as kidnapped in a desperate attempt to escape from her abusive father's clutches. Rather than undermining her credibility, it might have made her an even more sympathetic witness.

Patterson was present when the police arrived that day. According to her testimony at trial, BF received phone calls all day long after being dropped off by one of her relatives. Trial Tr. 367. She explained that after the police had arrived (she was prevented from explaining why they had arrived) she had a private conversation with BF. According to Patterson, BF's mother wanted her daughter out of French's house because she insisted to BF that French had sexually molested her, though BF stated that she couldn't remember any molestation had occurred. Id. at 368-69. While Patterson's purpose in relating the event was to suggest that BF's mother had manipulated BF into making false allegations, a juror could just as easily find that BF's mother had become rightfully suspicious and encouraged her daughter to call the police to get her away

from French before anything else could happen.[9]  In such a situation, an attorney could reasonably conclude that improper exclusion of the kidnapping evidence was not a matter worth pursuing.  Adding back in the deference at play here,[10] French has failed to carry his burden of showing that the state habeas court erred in finding that Merritt's failure to proffer the evidence did not amount to deficient performance.

---

[9] The timetable is disputed, but Patterson also stated that she spoke with BF's mother later that same day, and she conveyed to Patterson that she had just received BF's poem, "A Child's Pain," before BF made the trip to Lawrenceville to see her father.  Trial Tr. 376-77.

[10] "'Surmounting *Strickland*'s high bar is never an easy task,'" *Harrington*, 131 S. Ct. at 788 (quotes and cite omitted), and no hindsight or second-guessing is permitted.  *Id.*  But where a state court has already ruled on IAC claims, the petitioner's burden of

> [e]stablishing that [its] application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S. Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ----, 129 S. Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ---- [129 S. Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Id.* at 788.  Because this "[d]ouble deference is doubly difficult for a petitioner to overcome . . . it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."  *Johnson*, 643 F.3d at 911; *Hamner v. Deputy Sec'y of the Fla. Dep't of Corrs.*, 438 F. App'x 875, 880 (11th Cir. 2011) ("Our standard of review is 'doubly deferential' when 'a *Strickland* claim [is] evaluated under the § 2254(d)(1) standard.'") (*quoting Knowles*, 129 S. Ct. at 1420).

15

French is also hard-pressed to show prejudice. As the Court noted in its prior order, French received concurrent 20 year sentences for the BF and AS molestation counts. Doc. 59 at 71; *see* Trial Tr. 515. Overturning the counts of conviction pertaining to the molestation of BF would leave intact the molestation counts as to AS. True, the Court earlier surmised that bleed-over from BF's testimony might have swayed the jury on the AS count, doc. 59 at 71, but in retrospect the Court is not so sure. Nothing in the record suggests that the jurors were tainted by BF's testimony. And other courts have regularly found no prejudice where identical, concurrent sentences were imposed on two separate counts, but counsel's deficient performance affected only one of the charges. *Deverso v. United States*, 2011 WL 550205 at *10 (M.D. Fla. Feb. 9, 2011); *Joseph v. United States*, 2008 WL 4662051 at *2 (S.D. Fla. Oct. 20, 2008); *Moree v. United States*, 2006 WL 2838899 at *9 (D. Conn. Sept. 29, 2006); *United States v. Barnes*, 228 F. Supp. 2d 82, 89 (D. Conn. Aug. 2, 2002); *Burgos v. United States*, 968 F. Supp. 380, 383-84 (N.D. Ill. June 26 1997). Moreover, French has not made a convincing showing that the excluded evidence would have been exceedingly helpful to his defense. The precluded evidence was open to multiple interpretations,

not all of which were favorable to French. Consequently, under the deferential standard applicable here, French has not shown any prejudice resulting from Merritt's failure to perfect the record. *See Becker v. Luebbers*, 578 F.3d 907, 917 (8th Cir. 2009) (no prejudice where prior false allegations excluded at trial). Since there is a "reasonable argument that counsel satisfied *Strickland's* deferential standard," federal habeas relief must be denied. *Harrington*, 131 S. Ct. at 788; *Johnson*, 643 F.3d at 910-11.

### C. Remaining Claims

French's remaining claims should be denied for the same reasons explained in the Court's prior order, doc. 59, which is incorporated here. While many of the grounds were rejected as procedurally defaulted, the Court also explained why they were meritless, with one exception. French complained that Merritt was ineffective at trial for failing to challenge venue because the state proved only that the acts took place in Hinesville, Georgia, but not that Hinesville is in Liberty County, Georgia. *See* doc. 59 at 42. He is mistaken, since it was repeatedly emphasized that the crimes occurred in Liberty County. *See* Trial Tr. at 171 (prosecutor asking investigator about the "incidents that occurred here --

against her in Liberty County"); *id.* at 95 (Merritt himself asking whether the molestation occurred in Liberty County, Georgia). Any IAC claim on that issue is therefore without merit.

Accordingly, the Court need not revive any trial-level IAC claims under the principles laid out in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), for that case is concerned solely with "substantial" claims -- i.e., claims that have "some merit." *Id.* at 1318-19.

### III. CONCLUSION

For the foregoing reasons, French's petition pursuant to 28 U.S.C. § 2254 should be **DENIED**. Moreover, applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

The Court further **DENIES** as baseless French's Motion for Reconsideration, doc. 60, *as amended*, doc. 65, wherein he simply rehashes already addressed claims and complains about the state's "second bite" briefing (ignoring the fact that the state acquiesced to his several supplemental filings wherein he added claims during the months that the untimeliness issue was being litigated). The Court similarly **DENIES** his first and second motions for entry of default judgment[11], docs. 66 & 86, his re-argued claims, doc. 69, his "military jurisdiction-only" claim (which is futile and does not relate back under Fed. R. Civ. P. 15(c)), doc. 73, his motion of malfeasance, doc. 72, his motion of traverse, doc. 71, his renewed motion for appointment of counsel, doc. 67 at 2-3, his motion for discovery, doc. 67 at 1-2, and his motion for summary judgment (for the most part rehashing claims already rejected in doc. 59). Doc. 80.

**SO REPORTED AND RECOMMENDED** this 16th day of August, 2012.

*/s/ M. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[11] "There is no default in habeas corpus. *Gordan v. Duran*, 895 F.2d 610 (9th Cir. 1990)." *Roach v. Vail*, 2010 WL 148677 at * 2 (W.D. Wash. Jan. 14, 2010).